United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCHST, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-02935 |
| § | |
| CERTAIN UNDERWRITERS AT § | |
| LLOYD'S, LONDON, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on August 23, 2022 (Doc. #60), Plaintiff's Objections (Doc. #61), and Defendant Arthur J. Gallagher & Co.'s Response to Plaintiff's Objections ("Gallagher") (Doc. #64). Defendants Gallagher, CRC Insurance Services, Inc. ("CRC"), and Miller Insurance Services, LLP ("Miller") each filed Motions to Dismiss (Doc. #33; Doc. #34; Doc. #37), but CRC and Miller did not file responses to Plaintiff's Objections. The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as this Court's Order.

Notably, this Court finds that Plaintiff's breach of contract claim against Defendant Gallagher fails to survive a 12(b)(6) Motion to Dismiss because the claim is based on conclusory statements without supporting facts. *See* Doc. #32 ¶ 34; *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (prohibiting conclusory allegations to overcome a motion to dismiss).

Plaintiff refers to "an agreement" with Gallagher without providing any of the details of that agreement, therefore the breach of contract claim was insufficiently pled. *See* Doc. #32 ¶ 34; *Specialties of Mex., Inc. v. Masterfoods USA*, No. L-09-88, 2010 WL 2488031, at *7 (S.D. Tex. June 14, 2010) (finding that plaintiffs' failure to "give any specifics of the agreement itself" were insufficient facts to satisfy the requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Similarly, this Court finds that Plaintiff's fraud, negligent misrepresentation, DTPA, and conspiracy claims against CRC, and Plaintiff's breach of contract, DTPA, and civil conspiracy claims against Miller also lack the requisite factual basis to meet the pleading requirements to overcome Defendants CRC and Millers' 12(b)(6) Motions to Dismiss. *See* Doc. #32 at 16–21; *Twombly*, 550 U.S. at 555 (requiring "enough facts" to support a claim). Lastly, the Court finds that Plaintiff's claims against Gallagher and CRC for negligence, negligent misrepresentation, unjust enrichment, negligent inducement, conspiracy, and violations of the DTPA and Texas Insurance Code are all subject to a two-year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); TEX. BUS. & COM. CODE ANN. § 17.565; TEX. INS. CODE ANN. §§541.060–.061, 541.162.

Accordingly, Defendant Gallagher's Motion to Dismiss is GRANTED IN PART and DENIED IN PART; Defendant Miller's Motion to Dismiss is GRANTED; and Defendant CRC's Motion to Dismiss is GRANTED. Plaintiff's fraudulent misrepresentation claim against Defendant Gallagher remains before the Court.

It is so ORDERED.

_SEP 2 8 2022_
Date

The Honorable Alfred H. Bennett
United States District Judge