# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SCHST, Inc. d/b/a/ SPACE CITY SERVICES, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | Case No. 4:21-cv-02935 |
| ARTHUR J. GALLAGHER & CO., CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; MILLER INSURANCE SERVICES, LLP; AND CRC INSURANCE SERVICES, INC., | | |
| Defendants. | | |

## DEFENDANT ARTHUR J. GALLAGHER & CO.'S EXPERT DESIGNATION

COMES NOW, Defendant Arthur J. Gallagher & Co. ("Defendant"), by and through its attorney of records, and serves this, its Expert Designation as follows:

Pursuant to Fed. R.Civ. P. 26, Defendant hereby serves this Expert Designation to all parties.

Gallagher reserves the right to amend and supplement this expert designation upon receipt of a report from Plaintiff's expert and upon completion of discovery, including, but not limited to, the deposition of Plaintiff's corporate representative.

Lezlee Liljenberg CIC, CRIS, MLIS, MA
5904 S. Cooper St., Suite 104-117
Arlington, TX  76017
(817) 999-2463

Ms. Liljenberg is an insurance broker and is the principal in Liljenberg Insurance Consultant & Expert Witness. She has been in the insurance industry for 18 years. Ms. Liljenberg is an insurance broker, and holds licenses for Property Casualty Agent, Life & Health Agent, Risk Manager, Public Adjuster, Texas Real Estate Broker, and 6 & 63 Securities.

Ms. Liljenberg will testify that an insurance broker does not have an obligation to identify specific vehicles an insured wishes to have insured, to create a schedule, and that an insurance broker does not owe any duty to assign a value to the insured's scheduled property. Ms. Liljenberg will also testify that an insurance broker has no role in claims handling decisions made by insurance companies, and that an insurance broker owes an insured no duty related to claims handling. Ms. Liljenberg will testify that an insurance broker only owes a duty to place coverage that the insured requests be placed or to advise the insured if the requested coverage could not be obtained. Ms. Liljenberg will refute claims the Gallagher made misrepresentations that caused Plaintiff damages.

Ms. Liljenberg will testify about the duties and obligations owed by an insurance broker. Ms. Liljenberg will testify concerning the lack of any contract between Plaintiff and Gallagher and the lack of any misrepresentation made by Gallagher to Plaintiff. Ms. Liljenberg will testify about the relationship between insureds, retail agents, wholesale agents, underwriters, and insurers, and the roles and obligations of the Plaintiff and each Defendant in the insurance context. Ms. Liljenberg will testify that insurance brokers do not issue insurance policies, adjust claims, settle claims, or have any obligation to pay insurance policy benefits. Ms. Liljenberg will testify that the insurance coverage that was placed was the coverage that had been requested by Plaintiff. Ms. Liljenberg will also testify that this lawsuit was filed more than four years after the placement of insurance which forms the basis of this lawsuit, so any claimed misrepresentation made during the placement of the policy could not have formed the basis of Plaintiff's claim for damages.

Ms. Liljenberg will testify Gallagher did not breach the industry and professional standards of care in its dealings with Plaintiff; did not commit any omissions that proximately caused harm to Plaintiff, and did not fail to procure any insurance for Plaintiff that had been requested. Ms. Liljenberg will testify as to the legal obligations of insurance brokers and the standard of care in the industry for insurance brokers. Ms. Liljenberg will provide testimony regarding all aspects of the insurance industry, the relationship between wholesale and retail brokers, and insurance policies in general. Ms. Liljenberg will testify as to how the insurance binder and policy set forth the obligations of all parties to an insurance contract, including the insured. Ms. Liljenberg will refute Plaintiff's assertion that Gallagher caused Plaintiff harm. The general substance of this witness' opinions are that Gallagher did not breach any standard of care in the insurance industry, nor did Gallagher breach any standard of care in the placement of insurance coverage with regard to Plaintiff. Ms. Liljenberg will testify that Gallagher placed the coverage as requested by Plaintiff, and did not make any misrepresentation to Plaintiff.

Ms. Liljenberg will testify regarding general practices and standards in the insurance industry and their application to the facts of this case. Ms. Liljenberg will testify regarding the standard of care and duties owed by a broker under the applicable laws, regulations, guidelines and industry standards and practices. Ms. Liljenberg will testify regarding when a duty arises and what duty, if any, exists in a particular circumstance. Ms. Liljenberg will be called to rebut the opinions of other experts giving opinions in their area of expertise. Ms. Liljenberg will testify regarding the specific facts of the case and how they relate to industry standards and practices within the factual context of this case, and what duties, if any, existed. Ms. Liljenberg will testify that Plaintiff had its own obligation to review any insurance binder, policy and related documents.

The basis for Ms. Liljenberg's opinions is her many years of experience in the insurance industry and review of the deposition testimony and the documents she has or will review. Ms. Liljenberg has reviewed, or will review, all pleadings and documents produced in discovery to provide her opinions. Ms. Liljenberg's report, curriculum vitae, and list of testimony is attached hereto. Ms. Liljenberg charges an hourly rate of $350.00 per hour.

It is anticipated that Ms. Liljenberg will offer opinions in rebuttal to any expert opinion of Plaintiff. To date, Plaintiff has not provided an expert witness report. Discovery has also not been completed; in fact, Plaintiff's corporate representative's deposition has not yet occurred. Gallagher reserves the right to ask Ms. Liljenberg to supplement her report upon receipt of any expert witness report and further discovery. To date, Gallagher has not received any disclosure or report from any other Defendant alleging that Gallagher committed acts or omissions as alleged by Plaintiff or that caused Plaintiff damage. As such, Gallagher reserves the right to rebut any as yet undisclosed opinion any other Defendant may seek to offer against Gallagher. Any claim regarding breach of insurance contract, valuation, payment of claims, or compliance with the Carrier's obligations pursuant to the Insurance Code are issues which do not involve Gallagher and are the responsibility of the Plaintiff and carrier only.

    Kevin Gregory
    Tara Bolmey
    Tanner Burns
    Stefanie Kimball
    Sharon Manwaring
    Bill Newman
    c/o Deanne Ayers

AYERS & AYERS
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009

These individuals are non-retained expert witnesses. These individuals are or were at the time of the events in question, employees of Gallagher. These individuals do not engage in litigation as party of their employment. It is anticipated each will testify as to the knowledge and information he or she possess regarding the events made the basis of this pending cause of action.

These witnesses will testify about the duties and obligations owed by an insurance broker. These witnesses will testify concerning the lack of any contract between Plaintiff and Gallagher and the lack of any misrepresentation made by Gallagher to Plaintiff. These witnesses will testify about the relationship between insureds, retail agents, wholesale agents and insurers. These witnesses will testify that insurance brokers do not issue insurance policies, adjust claims, settle claims, or have any obligation to pay insurance policy benefits. These witnesses will testify that the insurance coverage that was placed was the coverage that had been requested by Plaintiff. These witnesses will also testify that this lawsuit was filed more than two years after the placement of insurance which forms the basis of this lawsuit.

These witnesses will testify Gallagher did not breach the industry and professional standards of care in its dealings with Plaintiff; did not commit any omissions that proximately caused harm to Plaintiff, and did not fail to procure any insurance for Plaintiff that had been requested. These witnesses will testify as to the legal obligations of insurance brokers and the standard of care in the industry for insurance brokers. They will provide testimony regarding all aspects of the insurance industry, the relationship between wholesale and retail brokers, and insurance policies in general. These witnesses will testify to how the insurance binder and policy set forth the obligations of all parties to an insurance contract, including the insured. These witnesses will refute Plaintiff's assertion that Gallagher caused Plaintiff harm. The general substance of these witnesses' opinions are that Gallagher did not breach any standard of care in the insurance industry, nor did Gallagher breach any standard of care in the placement of insurance coverage with regard to Plaintiff. These witnesses will testify that Gallagher placed the coverage as requested by Plaintiff.

These witnesses will testify regarding general practices and standards in the insurance industry and their application to the facts of this case. These witnesses will testify regarding the standard of care and duties owed by a broker under the applicable laws, regulations, guidelines and industry standards and practices. These witnesses will testify regarding when a duty arises and what duty, if any, exists in a

particular circumstance. These witnesses will be called to rebut the opinions of other experts giving opinions in their area of expertise.

The basis for these witnesses' opinions are their many years of experience in the insurance industry and review of the deposition testimony and the documents he has or will review. These witnesses have reviewed, or will review, all pleadings and documents produced in discovery to provide their opinions.

These witnesses will testify as to general practices and standards in the insurance industry, including industry standards and practices relating to the role and duties of an insured, agent/broker, wholesaler, and insurer. These witnesses will testify as to the roles and obligations of the Plaintiff and each Defendant in the insurance context. These witnesses will testify regarding standard of care and duties owed by an insured/agent/broker/wholesaler/insurer under the applicable laws, regulations, guidelines and industry standards and practices. These witnesses will testify regarding when a duty arises and what duty, if any, exists in a particular circumstance. These witnesses will testify regarding the specific facts of the case and how they relate to industry standards and practices within the factual context of this case, and what duties, if any, existed. These witnesses will testify that Plaintiff had its own obligation to review any insurance binder, policy and related documents. These witnesses reserve the right to more fully supplement his opinions in that discovery continues.

Respectfully submitted,

*/s/ Deanne C. Ayers*
Deanne C. Ayers
State Bar No. 01465820
Southern District of Texas
Admission No. 22539
dayers@ayersfirm.com
AYERS & AYERS
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009
(817) 318-0663 Facsimile
**ATTORNEYS FOR DEFENDANT ARTHUR J. GALLAGHER & CO.**

## CERTIFICATE OF SERVICE

  A true and correct copy of the foregoing document has been served upon all counsel of record via electronic mail on this the 14th day of November 2022.

           */s/ Deanne C. Ayers*
           Deanne. C. Ayers